UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACKIE ARCHER,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA DEPARTMENT OF CORRECTIONS,<br>CENTURION HEATH,<br><br>Defendants. | ) | No. 1:26-cv-00978-JPH-KMB |

**ORDER DISMISSING COMPLAINT AND DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff Jackie Archer is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). He filed this civil action alleging he has been exposed to the Legionella pathogen at Pendleton. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Court accepts Mr. Archer's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). The caption of the complaint lists the Indiana Department of Correction ("IDOC") and Centurion Health as defendants. However, in the body of the complaint, Mr. Archer lists the following "additional plaintiffs:"[1] Maggie Bryant, Kevin Osme, William Callahan, Bobby Latour, Jeffrey Meece, Chris Ertel, Vincent Stanley, Andy Bagienski, Dennis Reagle, the State of Indiana, the Indiana Department of Health, "and all of their . . . present and former members, officers, agents, employees and successors, known and unknown collectively." Dkt. 1 at 3.

Mr. Archer alleges that "IDOC, Centurion Health" allowed the Legionella pathogen to grow in the water supply at Pendleton, beginning in March 2021. *Id.*

---

[1] It is apparent that Mr. Archer meant to say that these parties are additional defendants, not plaintiffs.

at 2. Mr. Archer specifically indicates that he wants to pursue state law claims "under IC 13-30-4-1" and that there is diversity of citizenship between him and every defendant.[2] *Id.* at 4. Mr. Archer is seeking to require remedial work on the Pendleton water supply, better Legionella testing for inmates and of the water supply, and damages.

**III. Dismissal of Complaint**

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, to the extent Mr. Archer wants to pursue state law claims in federal court based on diversity of citizenship, a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)); *see also Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). Mr. Archer, an IDOC inmate, identifies himself as an Indiana citizen and has not shown that no defendant is also an Indiana citizen. Since Defendants work in central Indiana, they are likely all Indiana citizens.

Second, even if the Court were to generously analyze the complaint to determine whether it stated any claims under federal law, it does not do so. Because of that, Mr. Archer may not rely on the Court's supplemental

---

[2] Mr. Archer seems to have crossed out the box on the complaint form that would indicate he wants to pursue any federal claims.

jurisdiction to entertain any state law claims. *See* 42 U.S.C. § 1367(c)(3); *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.*, 471 F.3d 754,757-58 (7th Cir. 2006).

To begin with, the State of Indiana and its agencies, such as the IDOC and Department of Health, are not subject to suit in federal court under 42 U.S.C. § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

As for Centurion, which is the contracted provider of healthcare services within the IDOC, private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Mr. Archer's complaint fails to identify a policy, practice, or custom of Centurion's with respect to managing the water supply at Pendleton.

Finally, Mr. Archer collectively lists names of various individuals whom he seems to believe would have some responsibility for the Legionella contamination at Pendleton. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*,

851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.*

The Seventh Circuit does not necessarily prohibit "group pleading" in complaints. *See Robles v. Chicago*, 354 F. Supp. 3d 873, 875 (N.D. Ill. 2019). However, a "group pleading" that vaguely refers to the defendants collectively to ambiguously attribute an action to an unknown defendant or group of defendants does not provide adequate notice of a plaintiff's claims as required by Federal Rule of Civil Procedure 8(a). *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). "[A] complaint can provide sufficient detail to put the defendants on notice if it directs every allegation at all defendants because the defendants do not have to speculate about which claims or allegations pertain to them, and they must defend against them all." *Sexton v. Bd. of Educ., Dist. 130, Cook Cnty., Illinois*, 815 F. Supp. 3d 801, 806–07 (N.D. Ill. 2025). Here, however, Mr. Archer's simple listing of names, without any explanation as to who the persons are and how or why they might be responsible for maintaining the safety of Pendelton's water supply, is not enough to state a claim against any of these individuals.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

**IV. Opportunity to File an Amended Complaint**

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where

amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through November 6, 2026, to file an amended complaint**.

The amended complaint must contain a "short and plain statement of the claim" which explains what happened to him, who was responsible for what happened, what injury he suffered due to the defendant or defendants' actions, and what relief he wants from this lawsuit. *See* Fed. R. Civ. P. 8(a). The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, **1:26-cv-978-JPH-KMB**, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it

must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 10/9/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JACKIE ARCHER
882633
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only